**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Viewstar LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 8 4 – 5 0 9 2 8 6 8 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 228 E. Route 59, Unit 60 | c/o Rubin LLC, 11 Broadway, Suite 715 |
| Number  Street | Number  Street |
| | P.O. Box |
| Nanuet        NY    10954 | New York       NY   10004 |
| City          State  ZIP Code | City           State ZIP Code |
| Rockland | **Location of principal assets, if different from principal place of business** |
| County | 10 Mountain View Road |
| | Number  Street |
| | Upper Saddle River   NJ   07458 |
| | City           State ZIP Code |

5. Debtor's website (URL) _____

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 1

Debtor __Viewstar LLC_____    Case number (if known)_____
       Name

6. **Type of debtor**
   [X] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   [X] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☐ None of the above

   B. *Check all that apply:*
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   5  3  1  1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   ☐ Chapter 7
   ☐ Chapter 9
   [X] Chapter 11. *Check all that apply*:
      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
      ☐ A plan is being filed with this petition.
      ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
      ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ☐ No
   [X] Yes.    District  New Jersey    When  07/26/2024    Case number  24-17410-RG
                                              MM/ DD/ YYYY
               District _____    When _____   Case number _____
                                              MM/ DD/ YYYY

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

Debtor  Viewstar LLC
         Name                                                    Case number (if known) _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

[X] No
[ ] Yes. Debtor _____ Relationship _____
         District _____ When _____
                                                 MM / DD / YYYY
         Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

[X] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

[ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

[X] No
[ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (Check all that apply.)

   [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____
   [ ] It needs to be physically secured or protected from the weather.
   [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
   [ ] Other _____

   Where is the property? _____
                          Number    Street
                          _____
                          _____
                          City                State ZIP Code

   Is the property insured?
   [ ] No
   [ ] Yes. Insurance agency _____
            Contact name _____
            Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
[X] Funds will be available for distribution to unsecured creditors.
[ ] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

[X] 1-49
[ ] 50-99
[ ] 100-199
[ ] 200-999
[ ] 1,000-5,000
[ ] 5,001-10,000
[ ] 10,001-25,000
[ ] 25,001-50,000
[ ] 50,001-100,000
[ ] More than 100,000

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor __Viewstar LLC__  
        Name

Case number (if known) _____

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/15/2024__  
              MM / DD / YYYY

X _/s/ Lee E. Buchwald_                 Lee E. Buchwald  
Signature of authorized representative of debtor    Printed name

Title __Restructuring Officer__

**18. Signature of attorney**

X _/s/ Paul Rubin_             Date __08/15/2024__  
Signature of attorney for debtor              MM / DD / YYYY

Paul Rubin  
Printed name  
Rubin LLC  
Firm name  
11 Broadway, Suite 715  
Number    Street  
New York                        NY    10004  
City                               State   ZIP Code

212-390-8054                     prubin@rubinlawllc.com  
Contact phone                     Email address

2492577                            NY  
Bar number                           State

## CERTIFICATE OF CORPORATE RESOLUTION

I, the undersigned, being the Managing Member of 10 Mountainview LLC, the Managing Member (the "Managing Member") of Viewstar LLC, a New Jersey limited liability company (the "Company"), do hereby certify that the Managing Member duly adopted the following resolutions at a special meeting held on August 14, 2024, and they have not been modified or rescinded, and remain in full force and effect:

RESOLVED, that in the judgment of the Managing Member it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the filing of such petition is authorized hereby, and the Company shall initiate a bankruptcy case and proceedings; and be it further

RESOLVED, that Lee E. Buchwald is appointed and designated as Restructuring Officer for the Company (the "Restructuring Officer") and hereby is authorized and directed, for and on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and cause the same to be filed in the Bankruptcy Court in such form and at such time as the Restructuring Officer shall determine; and be it further

RESOLVED, that the Restructuring Officer be, and hereby is, authorized to execute, verify and/or file or cause to be filed (or direct others to do so on his behalf), all documents, including, without limitation, petitions, schedules, lists, affidavits, motions, pleadings and other papers and to take any and all action which they may deem necessary or proper in connection with such proceedings under chapter 11 of the Bankruptcy Code, and in that connection to retain and employ Rubin LLC, and to retain and employ other legal counsel or other professionals which they may deem necessary or proper with a view to the successful conclusion of such bankruptcy case; and be it further

RESOLVED, that the Company, as debtor and debtor in possession be, and hereby is, authorized to grant any guarantees, pledges, mortgages, and other security interests as necessary to obtain use of cash collateral or debtor-in-possession financing; and be it further

RESOLVED, that the Restructuring Officer be, and hereby is, authorized and empowered for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and be it further

RESOLVED, that the Restructuring Officer be, and hereby is, authorized, in the name and on behalf of the Company to take or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and be it further

RESOLVED that all acts lawfully done or actions lawfully taken by the Restructuring Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

IN WITNESS WHEREOF, I have hereunto set my hand, this 14 day of August, 2024.

>By: 10 MOUNTAINVIEW LLC
>Managing Member
>
>By: _____
>Moshe Gold
>Managing Member

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | Chapter 11 |
| VIEWSTAR LLC, | Case No.: 24-[ ] |
| Debtor. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Lee E. Buchwald, hereby declares under penalty of perjury that the following statements are true and correct:

1. I am the Restructuring Officer of Viewstar LLC (the "Debtor"), and I am fully familiar with the facts set forth herein. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 in support of the Debtor's voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which commenced the above-captioned chapter 11 case (the "Chapter 11 Case").

**The Mortgage Loans**

2. The Debtor is the owner of real property located at `10 Mountainview Road, Upper Saddle River, New Jersey 07458 (the "Property"). The Property is encumbered by a senior mortgage lien dated April 1, 2020 (the "Senior Mortgage") securing a loan (the "Senior Mortgage

Loan") from Sterling National Bank ("Sterling") to the Debtor in the restated original principal amount of $12,600,000.00. By virtue of certain allonges and assignments executed by Sterling, RREF IV-D SN Portfolio, LLC (the "Senior Mortgagee") is the holder of the Senior Mortgage.

3. The Property is also encumbered by a junior mortgage lien dated April 1, 2020 (the "Junior Mortgage") securing a loan (the "Junior Mortgage Loan") from 10 Mountainview LLC (the "Junior Mortgagee") to the Debtor in the original principal amount of $4,200,000.00.

**The Operating Agreement and the Springing Member**

4. In connection with the Junior Mortgage Loan, the Junior Mortgagee and Yoel Abraham ("Abraham"), the 100% owner of the Debtor at the time of the origination of the Junior Mortgage Loan, entered into an Operating Agreement for Viewstar LLC dated April 1, 2020 (the "Operating Agreement") pursuant to which Abraham was appointed the Managing Member and the Junior Mortgagee was the "Springing Member." Article 4.1(j) of the Operating Agreement provides that, "upon and after a Springing Member Event, the Springing Member shall have the right to remove and appoint a new Manager and/or remove and replace [Abraham] as the Managing Member of the [Debtor]." Under the Operating Agreement, a "Springing Member Event" includes (i) the default of any mortgage, note, or loan agreement affecting the Property, and (ii) the transfer of membership interests in the Debtor that causes Abraham to no longer remain in control of the Debtor, without the Junior Mortgagee's consent.

**The Foreclosure Action**

5. In July 2022, the Debtor failed to make certain required payments under the Senior Mortgage Loan, and the Senior Mortgagee delivered default notices to the Debtor in connection with the Debtor's default. Thereafter, Abraham, without the Junior Mortgagee's consent, executed an Assignment and Agreement dated August 2, 2022, purporting to assign Abraham's membership

2

interests in the Debtor to 10 Mountainview Holdings, LLC, an entity owned by Hershel Blumenberg and which is not affiliated with the Junior Mortgagee.

6. On September 12, 2022, the Junior Mortgagee sent the Debtor a "Notice of Springing Event/Notice of Default," notifying the Debtor that a Springing Member Event had occurred and the Junior Mortgagee must therefore be admitted a managing member and manager of the Debtor.

7. As a result of the Debtor's defaults, on September 28, 2022, the Senior Mortgagee commenced a foreclosure action (the "Foreclosure Action") in the Superior Court of New Jersey, Bergen County (the "State Court") to foreclose on the Senior Mortgage. In the Foreclosure Action, the State Court appointed a rent receiver (the "Receiver") to monitor the Property during the pendency of the Foreclosure Action. On March 7, 2024, the State Court awarded the Senior Mortgagee a Final Judgment in Foreclosure and Sale (the "Foreclosure Judgment").

8. On or about June 19, 2024, the Sherriff of Bergen County noticed a foreclosure sale of the Property scheduled for July 26, 2024 at 12:00 p.m.

**The Springing Member Action**

9. On January 27, 2023, the Junior Mortgagee commenced its own action (the "Springing Member Action") against the Debtor, Abraham, 10 Mountainview Holdings, LLC and Blumenberg to, among other things, enforce the Junior Mortgagee's right under the Operating Agreement to exercise the Springing Member provision to replace Abraham as the Managing Member and remove Abraham as Manager.

10. By decision and order entered in the Springing Member Action on November 29, 2023, the State Court granted in part the Junior Mortgagee's motion for summary judgment to the extent that the Junior Mortgagee was entitled to become the Springing Member of the Debtor. By Written Consent in Lieu of a Meeting of the Managing Member of Viewstar LLC dated November

3

29, 2023, (i) the Junior Mortgagee replaced Abraham as the Managing Member, and (ii) Abraham was removed as the Manager.

11.     On August 12, 2024, the Debtor retained me, Lee E. Buchwald, as Restructuring Officer for the Debtor.

**The Involuntary Chapter 7 Case**

12.     On the morning of July 26, 2024, just hours before the scheduled foreclosure sale of the Property, an individual named Deahn Meir, purporting to be a creditor of the Debtor with a claim in the amount of $100,000.00 based on a loan, filed an involuntary chapter 7 petition against the Debtor in the United States Bankruptcy Court for the District of New Jersey (the "NJ Bankruptcy Court"), pending under case number 24-17410-RG (the "Involuntary Chapter 7 Case").  An order for relief has not been entered in the Involuntary Chapter 7 Case.

13.     Contemporaneously with the filing of this Chapter 11 Case, the Debtor will file a motion in the NJ Bankruptcy Court to dismiss the Involuntary Chapter 7 Case under Bankruptcy Rule 1014(b) on the grounds that this Chapter 11 Case for the Debtor should be permitted to proceed in the interest of justice and the convenience of the parties.

**This Chapter 11 Case**

14.     On the date hereof, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

15.     Because of the membership change resulting from the occurrence of the Springing Member Event and the Junior Mortgagee's exercise of its rights under the Operating Agreement to become the Springing Member, the Debtor is currently not in possession of its books and records and cannot file, among other things, its list of 20 largest unsecured creditors, schedules, and statement of financial affairs,  The Debtor intends to promptly file an application pursuant to Bankruptcy Rule 2004 to subpoena the Debtor's books and records from Abraham and/or

4

Blumenberg and to depose Abraham and/or Blumenberg to obtain the information needed to file a complete set of schedules and statement of financial affairs. The Debtor also intends to promptly file a motion to extend its time to file schedules and statement of financial affairs.

16. Pursuant to Local Bankruptcy Rule 1007-2, the Debtor provides the following information:

    i.    The nature of the Debtor's business and concise statement of the circumstances leading to the Debtor's Chapter 11 Case are described above.

    ii.    The separate Involuntary Chapter 7 Case was filed in the NJ Bankruptcy Court. No trustee has been appointed in the Involuntary Chapter 7 Case.

    iii.    No committee has been appointed in the Involuntary Chapter 7 Case.

    iv.    The Debtor does not have sufficient information at this time to list the twenty largest unsecured creditors of the Debtor and provide contact information for same.

    v.    The holders of the five largest secured claims against the Debtor are as follows:

> RREF IV-D SN Portfolio, LLC
> c/o Holland & Knight LLP
> Attn: Bruce J. Zabarauskas, David V. Mignardi
> 900 Third Avenue, 20th Floor
> New York, NY 10022
>
> 10 Mountainview LLC
> c/o Herrick, Feinstein LLP
> Attn: Avery Mehlman, Steven Smith
> 2 Park Avenue
> New York, NY 10016

    vi.    The Debtor does not have sufficient information at this time to provide a summary of the Debtor's assts and liabilities.

    vii.    The holder of 100% of the membership interests in the debtor is 10 Mountainview LLC.

    viii.    The Debtor's significant asset, the Property, is in the control of the Receiver.

    ix.    The Debtor owns the Property and does not lease any space.

x. The Debtor's substantial assets are the Property and all the fixtures and personalty contained therein, located at 10 Mountainview Road, Upper Saddle River, New Jersey 07458. The location of the Debtor's books and records is not known at this time. The Debtor does not own any assets outside of the United States.

xi. The following are the actions or proceedings, pending or threatened, against the Debtor or its property:

> *RREF IV – D SN Portfolio, LLC v. Viewstar, LLC, et al.*
> Superior Court of New Jersey
> Chancery Division, Bergen County
> SWC-F-010395-22
>
> *10 Mountainview LLC v. Viewstar, LLC, et al.*
> Superior Court of New Jersey
> Chancery Division, Bergen County
> BER-C-000015-23
>
> *Orange & Rockland Utilities v. Viewstar LLC*
> Supreme Court of the State of New York
> Rockland County
> 031127/2024

xii. The Debtor's senior management consists of Lee E. Buchwald, Restructuring Officer.

xiii. The Debtor does not have any payroll expenses.

xiv. The Debtor does not anticipate any payments will be made in the 30-day period following the filing of the Chapter 11 Case to any officers and directors, members, or financial or business consultants.

xv. The Debtor does not anticipate any cash receipts or disbursements for the 30-day period following the filing of the Chapter 11 Case.

Dated: August 15, 2024

_____
Lee E. Buchwald

6