UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTHERN DISTRICT OF NEW YORK

In re:

VIEWSTAR LLC.

Debtor.

Chapter 11

Case No. 24-22716-(SHL)

## OBJECTION TO APPLICATION OF PAUL RUBIN, ESQ. TO REPRESENT DEBTOR

To the Honorable Judge Sean H, Lane.

I, Yoel Abraham, creditor in this case, respectfully object to Paul Rubin, Esq.'s application to represent the debtor.

### Grounds for Objection

1. Conflict of Interest: Mr. Rubin is a long-time personal lawyer for Moshe Gold and his entities, including but not limited 10 Mountainview LLC. (11 U.S.C. § 327 conflict of interest)

2. Undisclosed Judgments: Mr. Rubin failed to disclose the $243,000 judgment against 10 Mountainview LLC and Moshe Gold (Exhibit "A") and the $5M judgment against Mr. Gold in SDNY 20-CV-9911-SLC. (FRBP 2014 (disclosure requirements).)

3. Misrepresentation: Mr. Rubin misled the court by omitting these judgments from his schedule and hiding them in the NJ Bankruptcy action dismissal motion.

4. Lack of Good Faith: Mr. Gold and 10 Mountainview LLC have failed to pay the judgment for over 3 years, demonstrating poor faith.

5. Priority of Payments: Before paying Mr. Rubin's $50,000 retainer, Mr. Gold and 10 Mountainview LLC must satisfy the outstanding judgments.

## Prayer for Relief

**WHEREFORE,** I respectfully request that this Honorable Court:

1. Deny Paul Rubin, Esq.'s application to represent the debtor due to conflict of interest and misrepresentation.

2. Order Moshe Gold and 10 Mountainview LLC to prioritize payment of outstanding judgments, including the $243,000 judgment in my favor and others.

3. Direct Paul Rubin, Esq. to transfer the $50,000 retainer fee to the bankruptcy court overseeing the case against Gold and 10 Mountainview LLC.

4. Grant such other relief as the Court deems just and in the best interest of the bankruptcy estate.

**Respectfully submitted,**

Yoel Abraham

Dated: October 2, 2024

**Exhibit "A":** Copy of complaint and judgment against 10 Mountainview LLC and Moshe Gold

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------X

VIEWSTAR LLC and YOEL ABRAHAM,                        Index No.: 33453/2020

                    Plaintiffs,                       Civil Action

          -against-

10 MOUNTAINVIEW LLC and MOSHE GOLD,

                    Defendants.                       **AMENDED COMPLAINT**

-------------------------------------------------------------------X

          VIEWSTAR LLC and YOEL ABRAHAM (hereinafter collectively "Plaintiffs"), by and

through its attorneys, MARC WOHLGEMUTH & ASSOCIATES P.C., as and for its Amended

Complaint against the above-named Defendants, states as follows:

## THE PARTIES

          1.      Plaintiff YOEL ABRAHAM (hereinafter "Abraham") is, and at all times

hereinafter mentioned was, an individual and resident of the State of New York, County of

Rockland.

          2.      Plaintiff VIEWSTAR LLC (hereinafter "Purchaser") is, and at all times hereinafter

mentioned was, a limited liability company duly formed and validly existing under the laws of the

State of New Jersey, with its principal place of business at 228 East Route 59, Suite 60, Nanuet,

New York 10954.

          3.      Upon information and belief, Defendant MOSHE GOLD (hereinafter "Gold") is,

and at all times hereinafter mentioned was, an individual and resident of the State of New York,

County of Kings.

          4.      Upon information and belief, Defendant 10 MOUNTAINVIEW LLC (hereinafter

the "Seller") is, and at all times hereinafter mentioned was, a limited liability company duly formed

and validly existing under the laws of the State of New York, with its address at 63 Flushing Avenue, #245, Brooklyn, New York 11205.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

5.      Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 4 above with the same force and effect as if set forth in full herein.

6.      On or about December 27, 2019, Seller, as seller, and Walstar LLC, as purchaser, entered into an Agreement of Purchase and Sale for the conveyance, subject to specified terms and conditions, of the real property commonly known as and located at 10 Mountainview Road, Upper Saddle River, New Jersey 07458 (hereinafter the "Property") (hereinafter collectively the "Contract").

7.      Pursuant to Section 6.1.1 of the Contract, all prepaid rents paid by tenants who have not vacated the Property at the time of Closing were to be delivered to Purchaser. However, in Section 7.1.9 of the Contract, Seller specifically represented that no prepaid rents existed

8.      In addition, the Contract requires that all rent received by Seller for the month during which Closing occurs were to be apportioned between Seller and Purchaser.

9.      Moreover, pursuant to Section 6.1 of the Contract, "any errors in apportionments…shall be corrected by appropriate re-adjustment between Seller and Purchaser post-closing, provided that notice of such error, with supporting calculations, shall be given by Purchaser to Seller."

10.     Furthermore, in Section 7.1.15 of the Contract, Seller specifically represented that it had not entered into any "service, maintenance, supply, or other contract in connection with…the Property…which will be binding on the Purchaser following the Closing Date."

11.     Pursuant to Section 7.1.18 of the Contract, Seller was responsible for continuously updating all representations it made in the Contract, including the representations regarding the certified rent roll, the lack of prepaid rents, and the lack of unpaid vendors' contracts.

12.     Via Assignment and Assumption of Contract executed on or about March 20, 2020, Walstar LLC assigned its rights and obligations under the Contract to Plaintiff Purchaser.

13.     However, Seller failed to update its representations, as noted herein, in violation of the Contract's requirements.

14.     Closing under the Contract occurred on or about April 1, 2020.

15.     In actuality, Seller failed to tender to Purchaser prepaid rents or apply rent credits in the total sum of $45,256.62, in which amount Seller is liable to Purchaser.

16.     Seller breached the Contract by failing to tender to Purchaser all prepaid rents, as required under the Contract.

17.     In actuality, though Purchaser's management company received a remittance of a large sum from an entity owned in whole or in part by Gold, Seller has withheld from Purchaser apportioned rents for the month of April 2020 in the sum of $1,036.51.

18.     Seller breached the Contract by failing to fully account for and tender the fully apportioned rents it received from various tenants for the month of April 2020.

19.     In actuality, there existed several vendors of the Property with outstanding invoices at the time of Closing, all of which were known to Seller but undisclosed by Seller at or prior to Closing.

20.     In fact, at least one such alleged vendor, MCA Architectural Design Group Inc., has purported to impose a construction lien upon the Property in the sum of $81,384.00, all from amounts allegedly contracted for by Seller but unpaid and undisclosed at the time of Closing.

FILED: ROCKLAND COUNTY CLERK 09/11/2020 06:26 PM
NYSCEF DOC. NO. 3

INDEX NO. 033453/2020

RECEIVED NYSCEF: 09/11/2020

24-22716-shl    Doc 23    Filed 10/02/24    Entered 10/03/24 09:00:28    Main Document
Pg 7 of 13

21.     Seller breached the Contract by failing to disclose the outstanding balances for the Property it maintained with vendors, which balances totaled not less than the sum of $108,572.41.

22.     Prior to initiating suit, on or about May 14, 2020, Purchaser provided written notice of the foregoing and other breaches of its obligations committed by Seller.

23.     Despite such notice, Seller has yet to rectify these breaches.

24.     On or about May 12, 2020, the Water and Sewer Department of the Board of Public Works for the Borough of Ramsey billed to Defendants the water charges for the billing period February 1, 2020 to April 30, 2020.

25.     The vast majority of the aforementioned water charges were owed by and should have been apportioned to and paid by Defendants.

26.     The bill for water charges was mailed by the Ramsey Board of Public Works' Water and Sewer Department to Defendants or otherwise delivered initially only to Defendants, not to Plaintiffs.

27.     Defendants concealed the existence of the bill for water charges from Plaintiffs or otherwise failed to transmit the unapportioned bill to Plaintiffs, who were unaware of its existence until the Borough of Ramsey's employees contacted Plaintiff's managing agent at the Property on or about July 28, 2020.

28.     The apportioned water charges due from Defendants for the aforementioned bill total the sum of $12,760.42, a sum to which Defendants are liable to Plaintiffs.

29.     Purchaser has performed all of the obligations required of it under the Contract.

30.     As a direct result of Seller's numerous breaches of contract, Purchaser has been damaged in an amount to be proven at trial but that is not less than the sum of $167,625.96.

31.     Upon information and belief, there is presently no other action pending for the recovery of said sums or for any of the other relief sought herein.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

32.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 26 above with the same force and effect as if set forth in full herein.

33.     Implied in the Contract is a covenant of good faith and fair dealing, by which the parties thereto, Seller and Purchaser, covenanted to each other that they would use their best efforts to ensure that the other received the benefit of the bargain it contracted for in the Contract.

34.     Defendants have breached this covenant by making numerous false representations and failures to disclose relevant information in the course of their dealing with Plaintiffs in such a way as to deprive Plaintiffs of some of the benefit of their bargain struck in the Contract.

35.     Defendants' breach of the covenant of good faith and fair dealing, as outlined above, has caused Plaintiff to sustain damages in an amount to be proven at trial but that is not less than the sum of $167,625.96.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment)

36.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 30 above with the same force and effect as if set forth in full herein.

37.     Purchaser conferred a benefit upon Seller by performing its obligations under the Contract, including tendering the purchase price at Closing.

38.     Seller received the benefit of performance of those obligations.

39.     Given Seller's repeated false misrepresentations and related inequitable conduct, it would be unjust and inequitable to permit Seller to retain the benefit so conferred.

INDEX NO. 033453/2020

24-22716-shl   Doc 23   Filed 10/02/24   Entered 10/03/24 09:00:28   Main Document

RECEIVED NYSCEF: 09/11/2020

40.     Accordingly, Seller is liable to Purchaser for the amount it has been unjustly enriched, in an amount to be proven at trial but that is not less than the sum of $167,625.96.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Fraudulent Inducement/Fraudulent Misrepresentation)

41.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 35 above with the same force and effect as if set forth in full herein.

42.     Defendants' repeated representations and/or failure to update their representations regarding the certified rent roll, the unpaid vendors' contracts, the prepaid rent collected, and the collected unapportioned rent constituted material misrepresentations.

43.     These material misrepresentations were false and were known or should have been known by Defendants to be false at the times they were made.

44.     These material misrepresentations were made by Defendants for the purpose of inducing Plaintiffs to rely upon same and with full knowledge that Plaintiffs would rely upon same.

45.     Specifically, these material misrepresentations were made by Defendants for the purpose of inducing Plaintiffs to enter into and close the subject purchase of the Property.

46.     Plaintiffs were justified in relying upon the material misrepresentations outlined above.

47.     Plaintiffs' justifiable and reasonable reliance thereupon was the proximate cause of Plaintiffs' injury in that Plaintiff were induced to close the subject transaction despite the facts that not all rents had been tendered or apportioned and that several vendors who had serviced the Property had gone unpaid.

48.     As a result of Defendants' misrepresentations, Plaintiffs were induced into suffering damages in an amount to be determined at trial but that is no less than the sum of $167,625.96.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Declaratory Judgment)

49.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 43 above with the same force and effect as if set forth in full herein.

50.     As part of the subject transaction, the parties agreed to certain arrangement by and between them as it related to membership in Purchaser.

51.     Specifically, in the Operating Agreement of Viewstar LLC (hereinafter the "OA"), the parties agreed that upon the occurrence of a "Springing Member Event," the "Springing Member," which refers to Seller, would be automatically admitted as a member of Purchaser with the power to assume control of the Purchaser and dispatch all other members.

52.     The OA defines a "Springing Member Event" as, *inter alia*, including "[t]he failure to pay the Redemption Amount on or prior to September 10, 2022" and a "default...under the terms of any mortgage, note, or loan agreement affecting the" Property.

53.     The "Redemption Amount" refers to the payment by Plaintiffs to Seller of $4.2 million plus a four and one-half percent (4.5%) annual return.

54.     In other words, the OA provides that in the event Abraham fails to pay to Seller $4.2 million plus a premium of 4.5% by September 10, 2022 or otherwise defaults under the terms of any mortgage, note, or loan agreement related to the Property, Seller may assume control of Purchaser.

55.     But permitting such a "Springing Member Event" to result in a loss of control over Purchaser by Abraham would be inequitable, especially in light of Seller's multiple deficiencies relating to the Property, as outlined above.

FILED: ROCKLAND COUNTY CLERK 09/11/2020 06:26 PM
INDEX NO. 033453/2020

NYSCEF DOC. NO. 3

24-22716-shl    Doc 23    Filed 10/02/24    Entered 10/03/24 09:00:28    Main Document

Pg 11 of 13

RECEIVED NYSCEF: 09/11/2020

56.     There arose a justiciable controversy due to Defendants' shirking of their contractual obligations and their fraudulent inducement of Purchaser into closing the subject transaction.

57.     The present dispute over the rights to exercise a springing membership present a justiciable controversy in which the issues are present, real, definite, and substantial and affect existing legal relations between Plaintiffs and Defendants.

58.     Without a declaration of rights, Abraham may be unable to receive the benefits of the OA for which he bargained and expended significant sums to enter into.

59.     Abraham has no adequate remedy at law.

60.     Accordingly, Plaintiffs are entitled to a judgment declaring that Seller shall not be able to exercise its rights as a Springing Member unless and until it fully satisfies its obligations under the Contract, including tendering to Purchaser all rents belonging to Purchaser and the payment of all sums due and owing to its vendors.

**WHEREFORE**, Plaintiffs demands judgment as follows:

a.     On their First cause of action, Plaintiff demands that a monetary judgment be entered against Defendants in an amount to be determined at trial, which amount shall be not less than $167,625.96 plus pre- and post-judgment interest, attorneys' fees and costs, as permitted by law and the parties' agreement;

b.     On its Second cause of action, Plaintiff demands that a monetary judgment be entered against Defendants in an amount to be determined at trial, which amount shall be not less than $167,625.96 plus pre- and post-judgment interest, attorneys' fees and costs, as permitted by law and the parties' agreement;

c.     On its Third cause of action, Plaintiff demands that a monetary judgment be

entered against Defendants in an amount to be determined at trial, which amount shall be not less than $167,625.96 plus pre- and post-judgment interest, attorneys' fees and costs, as permitted by law and the parties' agreement;

d.      On its Fourth cause of action, Plaintiff demands that a judgment be entered declaring that Seller shall not be entitled to exercise its rights as a "Springing Member" of Purchaser unless and until it fully satisfies its obligations under the Contract;

e.      Together with such other and further relief as this Court deems be just and equitable.

Dated: September 11, 2020
       Monsey, New York

MARC WOHLGEMUTH & ASSOCIATES P.C.
Attorneys for Plaintiff


BY: __/s/Jeremy M. Doberman_____
       Jeremy M. Doberman, Esq.
       21 Remsen Avenue, Suite 301
       Monsey, New York 10952
       (845) 746-2700

FILED: ROCKLAND COUNTY CLERK 03/08/2021 04:35 PM
NYSCEF DOC. NO. 11
INDEX NO. 033453/2020
RECEIVED NYSCEF: 03/08/2021

24-22716-shl    Doc 23    Filed 10/02/24    Entered 10/03/24 09:00:28    Main Document
Pg 13 of 13

!Mar 08 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------X
VIEWSTAR LLC and YOEL ABRAHAM,

**ROCKLAND COUNTY
CLERK'S OFFICE**

Index No. 33453/2020

Plaintiffs,

Civil Action

-against-

10 MOUNTAINVIEW LLC and MOSHE GOLD,

**JUDGMENT**

Defendants.
--------------------------------------------------------------------X

      This action having been commenced on August 4, 2020 by the filing of the Summons and Complaint; and the Amended Complaint in this action having been filed on September 11, 2020; and a copy of the Summons and Amended Complaint having been served on the Defendants 10 MOUNTAINVIEW LLC and MOSHE GOLD on September 16, 2020, and the proofs of service of the same having been filed in this Court on September 24, 2020; and the Defendants not having answered the Complaint, and the time for answering the Complaint having expired; and the service of an additional copy of the Summons pursuant to C.P.L.R. §§ 3215(g)(3) and (g)(4) having been completed on January 29, 2021; it is

      **ORDERED, ADJUDGED AND DECREED**, that the Plaintiffs, VIEWSTAR LLC and YOEL ABRAHAM, having an address at 228 East Route 59, Suite 60, Nanuet, NY 10954, recover of the Defendants, 10 MOUNTAINVIEW LLC and MOSHE GOLD, having an address at 63 Flushing Avenue, #245, Brooklyn, NY 11205, the liquidated sum of ONE HUNDRED SIXTY-SEVEN THOUSAND SIX HUNDRED TWENTY-FIVE AND 96/100 ($167,625.96) Dollars, plus pre-judgment interest running at the statutory rate from and after April 1, 2020, the date of the subject closing and the date of Defendants' breach of contract, and that the Plaintiff have execution therefor.

      Judgment signed this      day of       , 2021.   **DONNA GORMAN SILBERMAN
COUNTY CLERK**

_____
Clerk of the Court