UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                              :
                                                    :  Chapter 11
VIEWSTAR LLC,                                       :
                                                    :  Case No.: 24-22716 (SHL)
                        Debtor.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL

Upon the application (the "Application")[1] [ECF No. 19] of the above-captioned debtor (the "Debtor"), for an order authorizing it to employ the law firm of Rubin LLC (the "Law Firm") as its bankruptcy counsel *nunc pro tunc* to August 15, 2024, and upon the declaration of Paul Rubin, Esq., a copy of which is annexed as Exhibit A to the Application; and upon the declaration of Moshe Gold, a copy of which is annexed as Exhibit B to the Application; and an objection (the "Objection") [ECF No. 23] to the Application having been filed by Yoel Abraham; and upon the Debtor's reply (the "Reply") [ECF No. 34] to the Objection; and upon the sur-reply (the "Sur-Reply") filed by Yoel Abraham and Hershel Blumenberg; and it appearing that due and sufficient notice of the Application has been given; and a hearing having been held on October 30, 2024 (the "Hearing") to consider the Application, the Objection, the Reply and the Sur-Reply, at which hearing counsel for the Debtor, counsel the United States Trustee, counsel for the Debtor's senior mortgagee, counsel for the Debtor's junior mortgagee, and Yoel Abraham appeared and were heard; and it appearing that Rubin LLC represents no interest adverse to the Debtor or to its estate in the matters upon which it will be engaged and that Rubin LLC's employment is necessary and is in the best interests of the Debtor's estate; and after due deliberation and sufficient cause

---

[1] All capitalized terms used, but otherwise not defined, herein shall have the meanings ascribed to them in the Application.

appearing to me therefor, it is

ORDERED, that the Objection is overruled for the reasons set forth on the record of the Hearing; and it is further;

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that the Debtor be, and hereby is, authorized under section 327(a) of the Bankruptcy Code to employ Rubin LLC, *nunc pro tunc* to August 15, 2024, to represent it as debtor and debtor in possession on the terms and for the professional services set forth in the Application, with the compensation of Rubin LLC to be fixed by this Court upon the filing of properly noticed applications therefor in accordance with the sections 329, 330 and 331 of the Bankruptcy Code as may be applicable, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules of the United States Bankruptcy Court for the Southern District of New York, and ***applicable law*** ~~the United States Trustee's Fee Guidelines~~; and it is further

ORDERED, that to the extent there is any conflict between the provisions of this Order and the Application, this Order shall govern; and it is further

ORDERED, that before any increases in Rubin LCC's rates, Rubin LLC shall provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee that may be appointed in this case via supplemental declaration. Any such supplemental declaration will explain the basis for the requested rate increases under section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase and will be filed with the Court. Nothing contained herein shall prejudice the United States Trustee's right to respond or object to any such rate increase on all grounds including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code; and it is further

ORDERED, that Rubin LLC shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Rubin LLC; and it is further

ORDERED, that notwithstanding any provision to the contrary in the engagement letter between the Debtor and Rubin LLC, any dispute relating to the services provided by Rubin LLC shall be referred to arbitration consistent with the terms of the engagement letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

NO OBJECTION:

   */s/ Mark Bruh*
Office of the United States Trustee

Dated: White Plains, New York
       November 7, 2024

                                        */s/ Sean H. Lane*
                                        Honorable Sean H. Lane
                                        United States Bankruptcy Judge

3