HERRICK, FEINSTEIN LLP
Steven B. Smith
Maxim M.L. Nowak
Hunter Waters
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
ssmith@herrick.com
mnowak@herrick.com
hwaters@herrick.com

*Attorneys for 10 Mountainview LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                                        :

In re:                                                    :   Chapter 11
                                                          :

VIEWSTAR, LLC,                    :   Case No. 24-22716 (SHL)
             Debtor.                    :
---------------------------------------------------------- x

**10 MOUNTAINVIEW LLC'S JOINDER TO THE DEBTOR'S OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION: (I) PURSUANT TO 28 U.S.C. § 1406(A) AND FED. R. BANKR. P. 1014(A)(2) TO TRANSFER THIS CHAPTER 11 CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY, OR (II) PURSUANT TO 11 U.S.C. § 1112(B) TO CONVERT THIS CASE TO A CASE UNDER CHAPTER 7 OR DISMISS THIS CASE, OR IN THE ALTERNATIVE, (III) TO DIRECT THE UNITED STATES TRUSTEE TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(A)**

TO:    THE HONORABLE SEAN H. LANE
         UNITED STATES BANKRUPTCY JUDGE

        10 Mountainview LLC ("10 Mountainview" or "Junior Mortgagee"), by and through its undersigned counsel, respectfully submits this Joinder (the "Joinder") to the objection (the "Debtor's Objection")[1] of the above-captioned debtor (the "Debtor") to the United States Trustee's ("U.S. Trustee") *Motion: (I) Pursuant to 28 U.S.C. § 1406(a) and Fed. R. Bankr. P. 1014(a)(2) to*

---

[1] Capitalized terms not otherwise defined shall have the meaning to them as ascribed in the Debtor's Objection.

*Transfer This Chapter 11 Case to the United States Bankruptcy Court for the District of New Jersey, or (II) Pursuant to 11 U.S.C. § 1112(b) to Convert this Case to a Case under Chapter 7 or Dismiss this Case, or in the Alternative, (III) to Direct the United States Trustee to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* [ECF No. 25] (the "Motion"). 10 Mountainview respectfully states as follows:

## JOINDER

I. **Venue in this Court is Proper**

1. The U.S. Trustee's argument that the Chapter 11 Case should be transferred back to the United States Bankruptcy Court for the District of New Jersey because venue in this Court is improper is without merit. 28 U.S.C. § 1408 clearly provides that "a case under title 11 may be commenced in the district court for the district … in which the domicile, residence, principal place of business in the United States, or the principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement." 28 U.S.C. § 1408.

2. There can be no serious dispute that the Debtor, at every opportunity, has confirmed its principal place of business is located at 228 East Route 59, Nanuet, New York 10950 (the "New York Address"). *First*, the Debtor's junior loan documents—the Junior Mortgage and Junior Note—confirm that the Debtor's principal address is the New York Address.[2] Copies of the Junior Mortgage and the Junior Note are attached as Exhibit A.

3. *Second*, the Debtor has confirmed in pleadings filed in other courts that its principal place of business is the New York Address. For example, Mr. Yoel Abraham, the Debtor's prior

---

[2] The Junior Mortgage confirms in its Preamble and in § 10 (the notice provision) that the Debtor's address is the New York Address, and the Junior Note confirms the same in its Preamble and in § 2 (the notice provision). And the junior loan documents were notarized in the County of Rockland, State of New York. 10 Mountainview believes that the senior loan documents similarly confirm that the Debtor's principal address is the New York Address.

2

sole member, filed an action against 10 Mountainview and its owner Moshe Gold in the Supreme Court of the State of New York, Rockland County. [ECF No. 46 (Declaration of Lee Buchwald ("Buchwald Decl.")) at Exhibit C]. The Debtor's complaint stated that its principal place of business is the New York Address. [*Id.* at Ex. C ¶ 2]. Moreover, in the Foreclosure Action commenced by the Senior Mortgagee, Debtor's answer admits the allegation that the Debtor's address is the New York Address. [ ECF No. 46 (Buchwald Decl.) at Ex. D ¶ 3 and Ex. E ¶ 3]. Even the Debtor's purported creditor who filed the involuntary petition against the Debtor in the New Jersey Bankruptcy Court (the "NJ Petition") prior to the commencement of the Chapter 11 Case listed the Debtor's address as the New York Address. [ECF No. 46 (Buchwald Decl.) at Ex. L].

4.      *Third*, the Debtor's "nerve center" was, and remains, in New York. Mr. Yoel Abraham and Mr. Herschel Blumenberg, the principal of 10 Mountainview Holdings LLC, the purported assignee of Mr. Abraham's membership interests in the Debtor, both reside in the County of Rockland in New York—where the loan documents were notarized. The principal place of business for 10 Mountainview, the Debtor's lawfully appointed Managing Member, is in New York. And the fact that the Restructuring Officer has been managing and operating the Debtor during the Chapter 11 Case from New York is sufficient to demonstrate the Debtor's principal place of business. *See In re Washington, Perito & Dubuc*, 154 B.R. 853, 859 (Bankr. S.D.N.Y. 1993) (holding that "the principal place of business is primarily the place whence general supervision is given."). That the vacant Property is located in New Jersey does not outweigh the foregoing factors which confirm that the Debtor's principal place of business is in New York.

5.      Therefore, venue in this Court is proper.

3

II. **No Cause Exists to Support the Dismissal or Conversion of the Chapter 11 Case**

6. The U.S. Trustee has argued that the Chapter 11 Case should be dismissed or converted to chapter 7 pursuant to Bankruptcy Code § 1112(b)(4)(A) because there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). § 1112(b)(4) is conjunctive requiring the U.S. Trustee to prove *both* continuing loss to or diminution of the estate *and* that there is no reasonable likelihood of rehabilitation. *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995).

7. The U.S. Trustee has failed to satisfy its burden to prove either prong of § 1112(b)(4).

A. The Debtor Will Not Suffer Continuing Losses to or Diminution of the Estate

8. The U.S. Trustee's assertion that sufficient cause exists for this Court to dismiss or convert the Chapter 11 Case under § 1112(b)(1) because the Debtor is suffering continuing losses to or diminution of the estate is wrong.

9. 10 Mountainview has agreed to provide the Debtor with debtor-in-possession financing pursuant to an agreed budget sufficient to fund the Chapter 11 Case through the confirmation of a plan which sells the Property pursuant to Court approved bid procedures. 10 Mountainview already provided a draft DIP loan term sheet to the Debtor, is actively negotiating the terms of such financing with the Debtor and expects to finalize the financing terms in short order.

10. Additionally, 10 Mountainview has been advised by the Debtor that the Senior Mortgagee was paying the Debtor's real estate taxes and Property insurance pre-petition and will continue to make such payments post-petition.

4

11. Accordingly, the Debtor will not suffer any continuing losses to or diminution of the estate.

B. <u>The Debtor Will Be Able to Formulate a Confirmable Plan</u>

12. The U.S. Trustee's further assertion that sufficient cause exists for this Court to dismiss or convert the Chapter 11 Case because of the absence of a likelihood of rehabilitation is also wrong.

13. The Chapter 11 Case is neither complex nor difficult. It is a straightforward single asset real estate case with a Property which 10 Mountainview believes has significant value which could—and in light of an unsolicited offer the Debtor received to purchase the Property for $24 million—should be enough to: (i) pay the Senior Mortgagee and the Junior Mortgagee in full; (ii) pay any unpaid administrative expenses and/or priority claims; and (iii) possibly provide a distribution to general unsecured creditors as well.

14. Indeed, selling the Property pursuant to a plan in the Chapter 11 Case—in contrast to a chapter 7 sale or a foreclosure—will maximize the value of the Property for the benefit of all the Debtor's stakeholders. In the Chapter 11 Case, the Debtor will be able to: (i) obtain Court approved bid procedures designed to ensure a robust marketing and sale process; (ii) retain a real estate broker with significant expertise and experience marketing and selling distressed real estate like the Property; and (iii) sell the Property free and clear of any claims, liens or encumbrances and, importantly, free of any transfer taxes a purchaser may be required to pay. The transfer tax exemption in Bankruptcy Code § 1146 is an attractive feature of a chapter 11 plan sale which would not apply in a chapter 7 or foreclosure sale.

15. Accordingly, the Debtor has a reasonable likelihood of being able to confirm a plan which will maximize the value of the Property.

5

16. Because the U.S. Trustee has failed to prove either prong of § 1112(b)(4), its request to dismiss or convert the Chapter 11 Case should be rejected in its entirety.

III. **The Court Should Reject the U.S. Trustee's Request to Appoint a Chapter 11 Trustee**

17. This Court has held that appointing a chapter 11 trustee is an "extraordinary remedy" and there is a "strong presumption that a debtor should remain in possession absent a showing of the need to appointment of a trustee." *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007).

18. The U.S. Trustee's arguments that the extraordinary appointment of a chapter 11 trustee is necessary either for cause under § 1104(a)(1) or because it is in the best interests of all of the Debtor's creditors under § 1104(a)(2) are both without merit and must be rejected.

A. No Cause Exists to Support the Appointment of a Chapter 11 Trustee

19. The U.S. Trustee's sole argument in support of sufficient cause—that a chapter 11 trustee could cure management issues concerning the Property—is wholly unsupported by the record before this Court. To the contrary, the Restructuring Officer, an independent fiduciary with decades of significant restructuring experience and expertise, was lawfully appointed pre-petition and has already undertaken to perform all the responsibilities and duties of a debtor-in-possession.

20. None of the U.S. Trustee's cited "wrongs" are applicable to the Chapter 11 Case. The Restructuring Officer has no conflicts of interest, has not been accused of misusing any assets or funds, has not been accused of any fraud or dishonesty and does not lack credibility or the creditors' confidence. The U.S. Trustee's attempt to allege the applicability of these wrongs to warrant the extraordinary remedy of appointing a chapter 11 trustee is woefully deficient.

21. And any allegation of inadequate record keeping and reporting is similarly deficient. *First*, "[w]hen considering whether to appoint a trustee for cause a court's focus is on

6

the debtor's current management, not the misdeeds of past management." *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007) (citing *In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001) ("[O]n a motion for the appointment of a trustee, the focus is on the debtor's current activities, not past misconduct."). Any inadequate record keeping or reporting is the direct result of the Debtor's previous management, who has since been removed from the Debtor because of the Springing Action. *Second*, the Restructuring Officer has taken immediate steps to obtain and update all of the Debtor's books and records including obtaining a Bankruptcy Rule 2004 Order from this Court directing the Debtor's prior management to comply with discovery requests.

22. Accordingly, the U.S. Trustee has failed to meet its burden of establishing by clear and convincing evidence that cause exists to mandate the extraordinary remedy of appointing a chapter 11 trustee under § 1104(a)(1).

B. <u>The Appointment of a Chapter 11 Trustee is Not in the Best Interests of Creditors</u>

23. 10 Mountainview, as the Debtor's second largest secured creditor, respectfully submits that appointing a chapter 11 trustee is not in the best interests of the estate. To the contrary, the Restructuring Officer is already performing all the Debtor's duties and responsibilities—including trying to correct the errors of prior management—and is working with 10 Mountainview and the Debtor's senior lender to formulate a viable plan to market and sell the Property which will maximize the value of the estate for the benefit of all of the Debtor's creditors. The appointment of a chapter 11 trustee would cause significant delay when all interested stakeholders are already working towards formulating a viable plan.

24. Accordingly, the U.S. Trustee has failed to meet its burden of demonstrating that the appointment of a chapter 11 trustee is in the best interests of creditors pursuant to § 1104(a)(2).

25. For these reasons, the Court should reject the U.S. Trustee's request to appoint a chapter 11 trustee.

## **CONCLUSION**

26. WHEREFORE, 10 Mountainview respectfully requests that the Court enter an order (i) denying the Motion in its entirety and (ii) granting such other and further relief as the Court deems just and appropriate.

Dated:  November 22, 2024
        New York, New York

                                    Respectfully submitted,

                                    HERRICK, FEINSTEIN LLP

By: /s/ *Steven B. Smith*
    Steven B. Smith
    Maxim M.L. Nowak
    Hunter Waters
    Two Park Avenue
    New York, New York 10016
    Tel: (212) 592-1400
    Fax: (212) 592-1500
    Email: ssmith@herrick.com
            mnowak@herrick.com
            hwaters@herrick.com

*Attorneys for 10 Mountainview LLC*