UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                     :
                                                           :    Chapter 11
VIEWSTAR LLC,                                              :
                                                           :    Case No.:  24-22716 (SHL)
               Debtor.                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DECLARATION OF LEE E. BUCHWALD IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION FOR VIEWSTAR LLC

LEE E. BUCHWALD hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Restructuring Officer of Viewstar LLC (the "Debtor"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.[1]

2. I submit this Declaration in support of confirmation of the *Joint Plan of Reorganization for Viewstar LLC* (as may be amended, supplemented and/or modified, the "Plan") [ECF No. 103] that was jointly proposed by the Debtor and its pre-petition senior secured creditor, RREF IV-D SN Portfolio LLC (the "Senior Mortgagee," and together with the Debtor the "Plan Proponents," and each a "Plan Proponent"), and final approval of the *Disclosure Statement for Joint Plan of Reorganization for Viewstar LLC* (the "Disclosure Statement") [ECF No. 104]. If called to testify, I would and could testify to the facts stated herein.

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan. Any capitalized term used in the Plan or in this Affidavit that is not defined in the Plan or in this Affidavit, but that is used in title 11 of the United States Code (the "Bankruptcy Code"), or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

**BACKGROUND**

3. On August 15, 2024 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case (the "Chapter 11 Case").

4. The Debtor is the owner of the property located at 10 Mountainview Road, Upper Saddle River, New Jersey 07458 (the "Property"). The Property is the Debtor's sole significant asset.

5. The Property is encumbered by a senior mortgage lien dated April 1, 2020 (the "Senior Mortgage") securing a loan (the "Senior Mortgage Loan") from Sterling National Bank ("Sterling") to the Debtor in the restated original principal amount of $12,600,000.00. By virtue of certain allonges and assignments executed by Sterling, the Senior Mortgagee is the holder of the Senior Mortgage.

6. The Property is also encumbered by a junior mortgage lien dated April 1, 2020 (the "Junior Mortgage") securing a loan (the "Junior Mortgage Loan") from 10 Mountainview LLC (the "Junior Mortgagee") to the Debtor in the original principal amount of $4,200,000.00.

7. As a result of the Debtor's defaults under the Senior Mortgage Loan, on September 28, 2022, the Senior Mortgagee commenced a foreclosure action (the "Foreclosure Action") in the Superior Court of New Jersey, Bergen County (the "State Court") to foreclose on the Senior Mortgage. In the Foreclosure Action, the State Court appointed a receiver (the "Receiver") for the Property.

8. The Debtor determined, in the exercise of its business judgment, that the sale of the Property in this chapter 11 case will maximize value for the Debtor, its estate and creditors. In furtherance of the contemplated sale of the Property, the Debtor filed an application to retain Northgate Real Estate Group ("Northgate") as the Debtor's real estate advisor to market and sell

the Property. On February 5, 2025, the Court entered an order [ECF No. 79] authorizing the Debtor to retain Northgate.

9. On March 14, 2025, the Debtor filed a motion [ECF No. 82] (i) to approve bid procedures for the auction sale of the Property, and (ii) to schedule a hearing to approve the sale of the Property to the successful bidder.

10. On March 21, 2025, the Debtor filed a motion [ECF No. 86] to retain E Glanz Associates ("Glanz") as the Debtor's special real estate counsel to represent the Debtor in connection with the sale of the Property. On April 30, 2025, the Court entered an order [ECF No. 94] authorizing the Debtor to retain Glanz.

11. On April 30, 2025, the Court entered the *Order Approving (I) Bid Procedures in Connection with the Sale of Real Property Located at 10 Mountainview Road, Upper Saddle River, New Jersey 07458, Subject to Higher or Better Offers, (II) the Form and Manner of Notice of Sale Hearing, and (III) Scheduling a Sale Hearing Date* (the "Bid Procedures Order") [ECF No. 95], which, among other things, approved the bid procedures annexed thereto (as may be modified, the "Bid Procedures") to govern the auction sale of the Property.

12. On July 3, 2025, the Debtor filed the Plan and the Disclosure Statement. The Debtor also filed a letter [ECF No. 105] requesting entry of an order conditionally approving the Disclosure Statement and scheduling a combined hearing (the "Combined Hearing") to consider final approval of the Disclosure Statement and confirmation of the Plan.

13. On July 10, 2025, the Court entered the *Order (A) Conditionally Approving Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling a Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan,*

3

*(D) Establishing Procedures for Filing Objections, and (E) Granting Related Relief* (the "Conditional DS Approval Order") [ECF No. 106].

14. Pursuant to the Conditional DS Approval Order, the Court conditionally approved the Disclosure Statement and scheduled the Combined Hearing for August 12, 2025.

15. As evidenced by the relevant certificate of service on file in this case [ECF No. 107], in accordance with the Conditional DS Approval Order, on July 14, 2025, counsel for the Debtor caused to be served an information and solicitation package containing a copy or conformed printed version of the following documents: (A) to all of the Debtor's creditors and interest holders that are entitled to vote (*i.e.*, those in Classes 4, 5, 6 and 7): (i) the Disclosure Statement (which includes among other exhibits, a copy of the Plan); (ii) the Conditional DS Approval Order; (iii) the notice of the Combined Hearing (the foregoing documents, the "Solicitation Package"); and (iv) the applicable Ballot; (B) to parties to executory contracts and unexpired leases that have not been assumed or rejected as of the date of entry of the Conditional DS Approval Order (the "Record Date"), a Solicitation Package; (C) to creditors in Classes 1, 2, and 3, and holders of administrative claims and priority tax claims: (i) the Combined Hearing Notice; and (ii) the Notice of Non-Voting Status; and (D) to all other parties included in the Debtor's creditor matrix that do not fall within any of the categories described in subparagraphs "(A)" through "(C)" of this paragraph (which includes all other parties required to be served under Bankruptcy Rules 2002 and 3017), the Combined Hearing Notice.

16. On August 7, 2025, Northgate conducted the auction sale of the Property. The Junior Mortgagee was the successful bidder at the auction, with a winning bid of $26 million for the Property.

17. On August 8, 2025, the Debtor filed the Certification of Ballots (the "Voting Report").

18. Pursuant to the Conditional DS Approval Order, the deadline to object to final approval of the Disclosure Statement and confirmation of the Plan was August 5, 2025. No objections have been filed, and the Plan Proponents have not received any objections to final approval of the Disclosure Statement or confirmation of the Plan.

## CONFIRMATION OF THE PLAN

19. The following discussion concerning the Plan is based on my personal knowledge, my review of the Plan and Disclosure Statement, and my discussions with the Debtor's bankruptcy counsel.

20. Summary of Plan Implementation. As more fully described in the Plan and Disclosure Statement, the Plan provides for an auction sale of the Property in accordance with the Bid Procedures. Payments under the Plan will be paid from net Sale Proceeds, Cash turned over by the Debtor to the Disbursing Agent, and/or Cash to be contributed by either the Senior Mortgagee or the Junior Mortgagee, if necessary.

21. Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). I understand from my discussions with the Debtor's bankruptcy counsel that the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code, as follows:

   a. Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1)). The Plan designates seven Classes of Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications are not done for any improper purpose, and such classification does not unfairly discriminate among holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b. <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Classes 1, 2 and 3 under the Plan are unimpaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

c. <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan designates Classes 4, 5, 6, and 7 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

d. <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

e. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation, including (a) the consummation of the Sale Transaction, and (b) the payments to be made under the Plan will be from the net Sale Proceeds, Cash turned over by the Debtor to the Disbursing Agent pursuant to the Plan, and Cash to be contributed by either the Senior Mortgagee or the Junior Mortgagee, if necessary, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

f. <u>Charter Provisions (11 U.S.C. § 1123(a)(6))</u>. The Plan does not provide for the charter provisions described in section 1123(a)(6) of the Bankruptcy Code, and thus section 1123(a)(6) is not applicable.

g. <u>Selection of Officers and Directors (11 U.S.C. §§ 1123(a)(7) & 1129(a)(5))</u>. No officers and directors will be selected under the Plan. Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code. Additionally, the Plan does not modify the selection of management of the Debtor.

h. <u>Discretionary Contents of the Plan (11 U.S.C. § 1123(b))</u>. The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code. These Plan provisions are appropriate, in the best interests of the Debtor and its estate, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for exculpation of various persons and entities. Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

i. <u>Rule 3016(a) of the Bankruptcy Rules</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

22. <u>The Plan Proponents' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Plan Proponents have complied with the

6

applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

   a. the Plan Proponents are proper proponents of the Plan under section 1121(c) of the Bankruptcy Code;

   b. the Plan Proponents have complied with applicable provisions of the Bankruptcy Code; and

   c. the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Conditional DS Approval Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

23. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court may examine the totality of the circumstances surrounding the formulation of the Plan. The Plan was negotiated at arms'-length and proposed in good faith to provide for a sale of the Property and enable a distribution to the Debtor's general unsecured creditors.

24. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Plan Proponents and/or the Disbursing Agent for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

25. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. There are no rates applicable to the Debtor's business or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

7

26. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The Liquidation Analysis contained in the Disclosure Statement reflects that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is not less than such holder would receive or retain if the Debtor were liquidated in a chapter 7 bankruptcy case. In a chapter 7 liquidation, based on the $26 million sale price for the Property, unsecured creditors would not receive any distribution on account of their claims. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

27. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 4 (Senior Mortgagee's Secured Claim) and Class 5 (Junior Mortgagee's Secured Claim) have voted to accept the Plan. Classes 1 (Other Priority Claims), Class 2 (Borough's Secured Claims), and Class 3 (Receivership Claims) are unimpaired under the Plan and deemed to accept the Plan. Holders of claims in Class 6 (General Unsecured Claims) and holders of interests in Class 7 (Equity Interests) did not cast any votes. I am advised by counsel that section 1129(a)(8) does not apply to non-voting classes.

28. <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan provides for the treatment of Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Administrative Tax Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims. Except as the holders of such Allowed Claims and the Plan Proponents agree to different treatment, the Disbursing Agent shall pay to each holder of such Allowed Claims Cash in an amount equal

8

to such Claim. Thus, the Plan's treatment of Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Administrative Tax Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

29. <u>Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Class 4 (Senior Mortgagee's Secured Claim), which consists of a single member (the Senior Mortgagee), which is not an insider of the Debtor, is impaired and has voted to accept the Plan. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

30. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan provides for the liquidation of the Debtor. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

31. <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>. All U.S. Trustee Fees will be paid as they become due pursuant to Section 2.8 of the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

32. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

33. <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. § 1129(b))</u>. Notwithstanding the fact that Class 6 and Class 7 did not vote to reject the plan, I am advised that the Plan could be confirmed even if those classes had voted to reject the Plan pursuant to section 1129(b) of the Bankruptcy Code, because: (a) Classes 4 and 5 have voted to accept the Plan; and (b) the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 6 and 7. With respect to Class 6 (General Unsecured Claims), the Plan satisfies section

9

1129(b)(2)(B) of the Bankruptcy Code because the Plan provides that holders of Class 6 claims will receive, at a minimum, their pro rata share of the GUC Contribution while holders of Class 7 interests will not receive anything of value under the Plan. With respect to Class 7 (Equity Interests), the Plan satisfies section 1129(b)(2)(C) of the Bankruptcy Code because holders of Class 7 interests will retain the value of their interest. Thus, the Plan may be confirmed notwithstanding the Plan Proponents' failure to satisfy section 1129(a)(8) of the Bankruptcy Code. After entry of this Order and upon the Effective Date, the Plan shall be binding upon the members of Classes 6 and 7.

34. <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No party is requesting the Court to confirm another pending plan of reorganization with respect to the Debtor.

35. <u>No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

36. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based upon the record before the Court, the Plan Proponents solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Plan Proponents, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief that the foregoing is true and correct.

Dated: August 8, 2025

                                                                              <u>/s/ Lee E. Buchwald</u>
                                                                                   Lee E. Buchwald