UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 11

VIEWSTAR LLC,                                                                 Case No. 24-22716 (SHL)

                                        Debtor.
---------------------------------------------------------------x

# DECLARATION OF MOSHE GOLD

I, Moshe Gold, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information and belief:

1. I am Managing Member of 10 Mountainview, LLC (the "Junior Mortgagee"), a New York limited liability company, and I am fully familiar with the facts set forth herein. I respectfully submit this declaration in support of the sale (the "Sale") of the real property and the improvements thereon, located at and commonly known as 10 Mountainview Road, Upper Saddle River, New Jersey 07458, together with any and all fixtures and improvements erected thereon, rights, privileges, rights of way and easements appurtenant thereto or used in association therewith, and all of the tangible personal property thereon (the "Property"). The seller of the Property is Viewstar LLC, the above-captioned debtor (the "Debtor").

2. The Sale of the Property was governed by bid procedures (the "Bid Procedures") approved by the Court pursuant to the *Order Approving (I) Bid Procedures in Connection with the Sale of Real Property Located at 10 Mountainview Road, Upper Saddle River, New Jersey 07458, Subject to Higher or Better Offers, (II) The Form and Manner of Notice of Sale Hearing, and (III) Schedule A Sale Hearing Date* (the "Bid Procedures Order") [ECF No. 95].

3. Pursuant to the Bid Procedures: (i) the Junior Mortgagee is a "Qualified Bidder" because it satisfied the provisions of paragraph C(i), (ii), (iv), (ix)(b), and (ix)(e) in the Bid Procedures, and the Junior Mortgagee's bid is a "Qualified Bid," as those terms are defined in the

Bid Procedures; (ii) the deadline for potential bidders to submit bids was August 5, 2025 at 4:00 p.m. (ET) (the "Bid Deadline"); (iii) if the Debtor received more than one Qualified Bid for the Property, an auction would be held on August 7, 2025 at 2:30 p.m. (the "Auction"); and (iv) the hearing on the sale of the Property to the successful bidder is scheduled for August 12, 2025 at 10:00 a.m. (ET) (the "Sale Hearing").

4. A marketing and sale process for the Property was conducted by the Debtor's real estate broker, Northgate Real Estate Group (the "Broker"), a sophisticated and nationally recognized firm, which gave notice of the sale to potentially interested parties.

5. At the Auction, conducted by Debtor's counsel, the Broker, and Lee E. Buchwald, the Debtor's Restructuring Officer (the "Restructuring Officer") in accordance with the Bid Procedures, multiple qualified bidders attended, both in person and by Zoom video conference. After a live and active auction, with multiple bids, the Junior Mortgagee was selected as the successful bidder with a bid of $26 million (the "Successful Bid").

6. The Successful Bid is based on a robust marketing and sale process and live auction which resulted in an increased purchase price from the $21,500,000 stalking horse bid to the $26 million Successful Bid.

7. The Junior Mortgagee respectfully submits that its Successful Bid constitutes the highest and best offer for the Property, in light of the extensive marketing and sale process conducted by the Broker and the result of the Auction. The Debtor's determination that the Successful Bid is the highest and best offer for the Property is a valid and sound exercise of the Debtor's business judgment.

8. Based on the foregoing, it is respectfully submitted that the Junior Mortgagee's Successful Bid represents reasonably equivalent value and fair consideration for the Property.

9. The Debtor and the Broker, on behalf of the Debtor, were free to deal with any other party interested in acquiring the Property through participation in the process established by the Court as reflected in the Bid Procedures.

10. Neither I, nor any other person acting on behalf of the Junior Mortgagee, colluded with any party with respect to the Sale process. Neither I, nor any other person acting on behalf of the Junior Mortgagee, entered into any agreement with any other party to control or limit the sale price for the Property, nor did the Junior Mortgagee try to take unfair advantage over other bidders.

11. Neither I, nor any other person acting on behalf of the Junior Mortgagee, have violated section 363(n) of the Bankruptcy Code by any action or inaction.

12. The sale of the Property to the Junior Mortgagee is an arm's length transaction and is being entered into in good faith. The Junior Mortgagee has complied with the terms of the Bid Procedures.

13. The Junior Mortgagee has acted in good faith and will continue to act in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the sale of the Property.

14. Based on all of the foregoing, the Junior Mortgagee respectfully submits that the Court should find that the Junior Mortgagee is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and afforded the protections thereunder.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 11, 2025

_____
Moshe Gold